351 So.2d 1187 (1977)
STATE of Louisiana
v.
Michael BETANCOURT.
No. 59777.
Supreme Court of Louisiana.
November 14, 1977.
Rena M. Price, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Brian G. Meissner, Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
Defendant Michael Betancourt was found guilty after trial by jury of simple burglary (La.R.S. 14:62) and simple burglary of a pharmacy (La.R.S. 14:62.1). He was sentenced to serve four years at hard labor on each count, the sentences to run concurrently.
On October 13, 1975 a dance studio and an adjoining pharmacy were burglarized. To gain entry, the burglar[s] pried open a metal door to the dance studio and then opened a two foot hole in the cement wall separating the studio and the pharmacy. The prescription department of the pharmacy was ransacked and its narcotic counter emptied; a stereo amplifier was taken from the dance studio. Police investigators lifted several latent fingerprints from two used hypodermic syringes and from a number of prescription bottles scattered on the floor of the pharmacy. The bottles had been stored in sealed boxes prior to the burglary.
Three days after the burglary, police executed a search warrant at the residence of Robert Scott. One of the officers, after entering the bedroom, observed the defendant in a closet counting and sorting pills, then putting them into bags and bottles with labels from the burglarized pharmacy. The amplifier taken from the dance studio was also found in the bedroom. Defendant's fingerprints matched one of those found in the pharmacy.
A study of the record and defendant's assignments of error[1] reveals no reversible error. Defendant's conviction and sentence are therefore affirmed.
SUMMERS, J., concurs.
DENNIS, Justice, dissenting.
The cross-examination of defendant about prior arrests had no relevance other than to improper and impermissible impeachment. R.S. 15:495.
NOTES
[1] Of the twenty-two assignments filed by the defendant, seven were briefed. Those assignments neither briefed nor argued are deemed abandoned. The assignments that were briefed present meritless issues concerning the need for expert testimony; the foundation requirements for the introduction of physical evidence; and cross-examination of defendant about prior arrests, to impeach his testimony on direct that he had never "been in any kind of trouble with the law" in his life.